UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERWIN MAYFIELD,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

Case No. 1:12-CV-912

HON. GORDON J. QUIST

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff has filed Objections to Magistrate Judge Ellen S. Carmody's Report and Recommendation (R & R), issued on January 27, 2013, which recommends that the Court affirm the Commissioner's decision denying Plaintiff Disability Insurance Benefits and Supplemental Security Income. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R & R, Plaintiff's Objections, Defendant's response, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objections and adopt the R & R as the opinion of the Court.

Plaintiff contends that the ALJ did not comply with the procedural rules for evaluating the opinions of his treating physicians, Drs. Mankoff and Lado. An ALJ must give a treating physician's opinion "controlling weight" if it is consistent with the evidence in the record and supported by sufficient clinical findings. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir.

2007). An ALJ may discount a treating physician's opinion if it is contrary to substantial medical evidence. *Id.* When the opinion of a treating source is not given "controlling weight," the ALJ must balance certain factors in determining what weight to give the opinion, including the length of the treatment relationship and the frequency of the examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The ALJ must give "good reasons" for the weight he gives the treating source's medical opinion. 20 C.F.R. § 404.1527(d)(2). The purposes of this requirement are to provide a claimant with an explanation for why she is deemed not disabled—when her physicians may have told her otherwise—and to "ensure[] that the ALJ applies the treating physician rule and permit[] meaningful appellate review of the ALJ's application of the rule." *Id.*

Plaintiff argues that the ALJ should have explicitly discussed each of the factors used to determine the weight given to the opinions of his treating physicians. An ALJ's explanation "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96–2p, 1996 WL 374188, at *5 (1996). However, the Court is unaware of any binding authority requiring an ALJ to explicitly discuss— as opposed to simply consider—each factor. *See Cole v. Astrue*, 661 F.3d 931, 938 (6th Cir. 2011) (providing that, before rejecting a treating source opinion, an ALJ must "*conduct the balancing of factors*") (emphasis added). Moreover, there is persuasive authority indicating that an ALJ need not engage in a discussion of each factor. *See, e.g.*, *Francis v. Comm'r of Soc. Sec.*, 414 Fed. App'x 802, 804 (6th Cir. Mar. 16, 2011) ("Although the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons ... for the weight ... give[n] [to the] treating source's opinion'—not an exhaustive factor-by-factor

2

analysis"); *Tilley v. Comm'r of Soc. Sec.*, 394 Fed. App'x 216, 222 (6th Cir. 2010) (indicating that an ALJ is not required to explicitly address each of the factors); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ("[Plaintiff] cites no law, and we have found none, requiring an ALJ's decision to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion.").

After carefully reviewing the administrative record, the Court concurs with the magistrate judge that the ALJ articulated good reasons, supported by substantial evidence, for according the opinions of Drs. Mankoff and Lado less than controlling weight. The ALJ thoroughly discussed the supportability of the opinions, as well as the consistency of the opinions with the record as a whole. The ALJ was not required to explicitly discuss the remaining factors in determining that the opinions were not entitled to controlling weight.

Plaintiff next argues that the ALJ erred by failing to specify what weight he gave to the opinions of Drs. Mankoff and Lado. An ALJ must specify what weight he assigned to the opinion of a treating physician. *Wilson*, 738 F.3d at 545. If an ALJ fails to do so, "[t]his alone constitutes error, as '[a] finding that a treating source medical opinion . . . is not entitled to controlling weight [does] not [mean] that the opinion should be rejected.'" *Cole*, 661 F.3d at 938 (alterations in original) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009)). If an ALJ fails to comply with the procedural rules associated with the treating physician rule, a court may excuse such failure as harmless "[s]o long as the decision permits the claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion." *Francis*, 414 F. App'x at 805.

In this case, the ALJ simply stated that he did not give the opinions of Drs. Mankoff and Lado "controlling or even deferential weight." The ALJ did not state whether he gave these

3

opinions some weight or none at all. It is clear, however, that the ALJ gave the opinions something less than deferential weight, and the reasons that he did so. The procedural safeguards associated with the treating physician rule were satisfied because the decision allows for a clear understanding of why the ALJ gave the opinions something less than deferential weight. Any error was thus harmless, and to remand for the ALJ merely to specify exactly how much weight he gave the opinions would be a useless formality. *See Wilson*, 378 F.3d at 547 (citing *NLRB v. Wyman-Gordon*, 394 U.S. 759, 766 n. 6, 89 S. Ct. 1426, 1430 n.6 (1969) (plurality opinion) (where "remand would be an idle and useless formality," courts are not require to "convert judicial review of agency action into a ping-pong game")).

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 27, 2014 (dkt. # 19), is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

A separate judgment will issue.

This case is **concluded**.


Dated: March 31, 2014                               /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE